UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

RYAN P.,

              Plaintiff,

v.

COMMISSIONER OF SOCIAL SECURITY,

              Defendant.

CASE NO. 3:19-CV-05011-DWC

ORDER REVERSING AND REMANDING DEFENDANT'S DECISION TO DENY BENEFITS

Plaintiff filed this action, pursuant to 42 U.S.C. § 405(g), for judicial review of Defendant's denial of Plaintiff's applications for supplemental security income ("SSI") and disability insurance benefits ("DIB"). Pursuant to 28 U.S.C. § 636(c), Federal Rule of Civil Procedure 73 and Local Rule MJR 13, the parties have consented to have this matter heard by the undersigned Magistrate Judge. *See* Dkt. 2.

After considering the record, the Court concludes the Administrative Law Judge ("ALJ") erred when he failed to provide specific, legitimate reasons, supported by substantial evidence, to discount medical opinion evidence from Dr. Krueger, Dr. Neims, Dr. Wheeler, Dr. Ruddell, and

Dr. Eisenhauer. Had the ALJ properly considered these medical opinions, the residual functional capacity ("RFC") may have included additional limitations. The ALJ's error is therefore harmful, and this matter is reversed and remanded pursuant to sentence four of 42 U.S.C. § 405(g) to the Social Security Commissioner ("Commissioner") for further proceedings consistent with this Order.

## FACTUAL AND PROCEDURAL HISTORY

On December 28, 2009 and August 26, 2011 Plaintiff filed applications for DIB and SSI respectively, alleging in both applications a disability onset date of September 10, 2009.[1] *See* Dkt. 8, Administrative Record ("AR") 110. His applications were denied upon initial administrative review and on reconsideration. AR 110. A hearing was held before ALJ Gordon Griggs on September 20, 2011. AR 110. In a decision dated October 18, 2011, ALJ Griggs determined Plaintiff to be not disabled. AR 107-23.

On August 17, 2015, Plaintiff filed new applications for DIB and SSI, this time alleging a disability onset date of October 19, 2011. AR 25, 277-78, 279-84. Plaintiff's applications were denied initially and on reconsideration. AR 25, 187-93, 194-202, 205-10, 211-17. A hearing was held before ALJ M.J. Adams on August 29, 2017. AR 75-106. On February 5, 2018, ALJ Adams issued a written decision in which the ALJ concluded that Plaintiff was not disabled pursuant to the Social Security Act. AR 22-36. On November 5, 2018, the Appeals Council denied Plaintiff's request for review, making the written decision by the ALJ the final agency decision subject to judicial review. AR 1-6; *see* 20 C.F.R. §§ 404.981, 416.1481.

---

[1] Plaintiff also appears to have filed disability claims in 2006, which did not proceed beyond the reconsideration stage. AR 132, 144, 158, 173.

In Plaintiff's Opening Brief, Plaintiff maintains the ALJ erred by failing to properly assess: (1) opinion evidence from William Chalstrom, Ph.D., John Gilbert, Ph.D., Guillermo Rubio, M.D., Michael Corpolongo, Ph.D., Dan Neims, Ph.D., Kimberly Wheeler, Ph.D., Keith Krueger, Ph.D., Renee Eisenhauer, Ph.D., Alysa Ruddell, Ph.D., and Dena Larsen, PT; (2) lay witness testimony from Plaintiff's father; and (3) the RFC and Step Five findings. Dkt. 10, pp. 4-16.

STANDARD OF REVIEW

Pursuant to 42 U.S.C. § 405(g), this Court may set aside the Commissioner's denial of social security benefits if the ALJ's findings are based on legal error or not supported by substantial evidence in the record as a whole. *Bayliss v. Barnhart*, 427 F.3d 1211, 1214 n.1 (9th Cir. 2005) (citing *Tidwell v. Apfel*, 161 F.3d 599, 601 (9th Cir. 1999)).

DISCUSSION

**I.     Whether the ALJ properly considered the medical opinion evidence.**

Plaintiff maintains the ALJ failed to properly consider opinion evidence from Dr. Chalstrom, Dr. Gilbert, Dr. Rubio, Dr. Corpolongo, Dr. Neims, Dr. Wheeler, Dr. Krueger, Dr. Eisenhauer, Dr. Ruddell, and Ms. Larsen. Dkt. 10, pp. 4-16.

In assessing an acceptable medical source, an ALJ must provide "clear and convincing" reasons for rejecting the uncontradicted opinion of either a treating or examining physician. *Lester v. Chater*, 81 F.3d 821, 830 (9th Cir. 1995) (citing *Pitzer v. Sullivan*, 908 F.2d 502, 506 (9th Cir. 1990)); *Embrey v. Bowen*, 849 F.2d 418, 422 (9th Cir. 1988)). When a treating or examining physician's opinion is contradicted, the opinion can be rejected "for specific and legitimate reasons that are supported by substantial evidence in the record." *Lester*, 81 F.3d at 830-31 (citing *Andrews v. Shalala*, 53 F.3d 1035, 1043 (9th Cir. 1995); *Murray v. Heckler*, 722 F.2d 499, 502 (9th Cir.

1983)). The ALJ can accomplish this by "setting out a detailed and thorough summary of the facts and conflicting clinical evidence, stating his interpretation thereof, and making findings." *Reddick v. Chater*, 157 F.3d 715, 725 (9th Cir. 1998) (citing *Magallanes v. Bowen*, 881 F.2d 747, 751 (9th Cir. 1989)).

"Other medical source" testimony, which the Ninth Circuit treats as lay witness testimony, "is competent evidence an ALJ must take into account," unless the ALJ "expressly determines to disregard such testimony and gives reasons germane to each witness for doing so." *Lewis v. Apfel*, 236 F.3d 503, 511 (9th Cir. 2001); *Turner*, 613 F.3d at 1224. In rejecting lay testimony, the ALJ need not cite the specific record as long as "arguably germane reasons" for dismissing the testimony are noted. *Lewis*, 236 F.3d at 512.

A. <u>Dr. Chalstrom</u>

Plaintiff argues the ALJ failed to properly assess a medical opinion from examining psychologist Dr. William Chalstrom. Dkt. 10, pp. 5-6.

Dr. Chalstrom conducted a psychological evaluation of Plaintiff on November 3, 2015. AR 428-42. Dr. Chalstrom's evaluation involved a clinical interview, a mental status examination, and several psychological tests. AR 428-42. Based on this evaluation, Dr. Chalstrom opined that Plaintiff would be able to perform simple, repetitive tasks. AR 432. Based on the results of the psychological testing, Dr. Chalstrom stated that Plaintiff would "probably" have difficulty following more difficult instructions. AR 432. Dr. Chalstrom noted that Plaintiff had very little social interaction and would "probably have some difficulty getting along with supervisors and others in most work situations." AR 432.

The ALJ summarized Dr. Chalstrom's opinion and assigned it "significant weight." AR 32. The ALJ reasoned that Dr. Chalstrom "did not impose any preclusion in the claimant's social

capabilities" and that his opinion was based upon "his psychological expertise and a battery of tests." AR 32.

Plaintiff alleges that the ALJ did not address Dr. Chalstrom's observation that Plaintiff had very little social interaction, and argues that the RFC, which indicates that Plaintiff can respond appropriately to supervision, is inconsistent with Dr. Chalstrom's conclusion that Plaintiff would probably have difficulty getting along with supervisors. Dkt. 10, p. 6. Because the ALJ has accepted Dr. Chalstrom's opinion and assigned it significant weight, the question is not whether the ALJ's evaluation of this opinion is supported by specific and legitimate reasons, but whether the ALJ correctly characterized Dr. Chalstrom's opinion and assessed RFC limitations consistent with his opinion.

Dr. Chalstrom assessed Plaintiff as being be able to perform simple, repetitive tasks, but opined that Plaintiff would "probably" have difficulty following more difficult instructions. AR 432. The ALJ assessed Plaintiff as being able to understand, remember, and carry out simple instructions and make judgments commensurate with the functions of unskilled work. AR 29-30.

Based on his clinical interview, Dr. Chalstrom observed that Plaintiff had very little social interaction. AR 432. Dr. Chalstrom's assessment concerning Plaintiff's work-related social limitations was equivocal and non-specific, with Dr. Chalstrom noting that Plaintiff "would *probably* have *some* difficulty getting along with supervisors and others in *most* work situations." AR 432 (emphasis added). The ALJ correctly noted that Dr. Chalstrom did not impose any specific, work-related functional limitations related to social interaction. AR 32. The ALJ found that Plaintiff could respond appropriately to supervision, but should not be required to work in close coordination with co-workers where teamwork is required. AR 29-30. The ALJ further assessed Plaintiff as being able to deal with occasional changes in the work environment

and having some difficulty working directly with the public, but added that he could work in jobs that require only occasional exposure to or interaction with the general public. AR 29-30.

Dr. Chalstrom's medical source statement is clear that Plaintiff would have some degree of difficulty interacting with supervisors and coworkers in the workplace due to his mental impairments. However, the wording of Dr. Chalstrom's opinion is sufficiently equivocal that it cannot be said to require a precise degree of limitation with respect to Plaintiff's social limitations. Where the evidence is susceptible to more than one rational interpretation, one of which supports the ALJ's decision, the ALJ's conclusion must be upheld. *See Thomas v. Barnhart*, 278 F.3d 947, 954 (9th Cir. 2002) (citing *Morgan v. Comm'r of Soc. Sec. Admin.,* 169 F.3d 595, 601 (9th Cir. 1999))). The ALJ assessed RFC limitations consistent with Dr. Chalstrom's medical source statement and did not err in evaluating his opinion.

B. <u>Dr. Gilbert and Dr. Rubio</u>

Plaintiff asserts that the ALJ failed to properly evaluate the January 2016 reconsideration opinions of non-examining State agency consultants Dr. John Gilbert and Dr. Guillermo Rubio. Dkt. 10, p. 6.

Dr. Rubio opined that Plaintiff would be restricted to performing light work along with several postural and environmental limitations. AR 164-66, 179-81. Dr. Gilbert assessed Plaintiff's mental limitations, finding that Plaintiff was capable of learning and remembering simple, routine tasks. AR 167, 182. Dr. Gilbert further assessed Plaintiff as being able to perform simple tasks and persist at simple tasks for at least two-hour intervals. *Id.* Dr. Gilbert found that Plaintiff's ability to concentrate, persist, and maintain pace would be "intermittently limited" by his psychological symptoms, but not to an extent that would preclude activity in a competitive work environment. *Id.* Dr. Gilbert added that Plaintiff can interact with the public on an

occasional/superficial basis and with co-workers on a more frequent basis. AR 168, 183. Dr. Gilbert noted that Plaintiff would be able to meet his basic needs, but may have difficulty coping with change, and would work best in a stable, low pressure setting. *Id.*

The ALJ gave "significant weight" to Dr. Rubio's assessment and adopted the light RFC assessed by Dr. Rubio without including any of the additional postural and environmental limitations included in his opinion. AR 29-30, 33-34. The ALJ reasoned that Dr. Rubio's opinion was "consistent with the totality of medical records, including the claimant's self-reported activities and consistency of evidence on record." AR 34. The ALJ also assigned significant weight to Dr. Gilbert's opinion for the same reason. AR 34.

While Plaintiff cites the opinions of both Dr. Rubio and Dr. Gilbert in his brief, he only challenges the mental limitations assessed by Dr. Gilbert. Dkt. 10, p. 6. Plaintiff argues that Dr. Gilbert was acting on "limited information" since he only had access to Dr. Chalstrom's opinion when he assessed Plaintiff's mental limitations. Dkt. 10, p. 6. Plaintiff argues that Dr. Gilbert's evaluation parallels Dr. Chalstrom's, but that Dr. Gilbert found that Plaintiff would not have significant limitations in accepting instructions and responding appropriately to criticism from supervisors. Dkt. 10, p. 6, AR 168, 183. Plaintiff contends that "it is clear" that the ALJ based the RFC limitation concerning Plaintiff's ability to interact with supervisors on Dr. Gilbert's opinion rather than Dr. Chalstrom's, despite assigning Dr. Chalstrom's opinion significant weight. Dkt. 10, p. 6. Dr. Gilbert adopted Dr. Chalstrom's opinion, finding that it was consistent with the objective medical findings. AR 164, 179.

As discussed above, Dr. Chalstrom's opinion is itself equivocal concerning Plaintiff's social limitations, and there is not an inherent inconsistency between the opinions of Dr. Chalstrom and Dr. Gilbert concerning Plaintiff's social limitations. *See supra* Section I.A.

1  Further, Dr. Gilbert was not relying exclusively on Dr. Chalstrom's opinion in formulating his

2  own opinion, since he had access to, at a minimum, Plaintiff's medical records and the opinion

3  of the State agency psychological consultant who initially evaluated Plaintiff's claim. AR 159-

4  62, 174-77.

5       The ALJ did not err in translating the vague social limitations assessed by Dr. Chalstrom

6  into the specific limitations contained in the RFC, nor is there an inherent inconsistency between

7  the opinions of Dr. Chalstrom and Dr. Gilbert.

8       C. <u>Drs. Neims, Wheeler, Krueger, and Ruddell</u>

9       Plaintiff contends the ALJ failed to properly assess medical opinions from examining

10  psychologists Dr. Neims, Dr. Wheeler, Dr. Krueger, and Dr. Ruddell.[2] Dkt. 10, pp. 8-11.

11       Dr. Neims conducted a psychological/psychiatric evaluation of Plaintiff on January 31,

12  2012. AR 667-80. Dr. Neims' evaluation consisted of a clinical interview and a mental status

13  examination. Dr. Neims assessed Plaintiff as having marked limitations in communicating and

14  performing effectively in a work setting with public contact, interacting appropriately with the

15  general public, and accepting instructions and responding appropriately to criticism from

16  supervisors AR 669, 679. Dr. Neims further assessed Plaintiff as having a range of other

---

[2] Plaintiff further contends the ALJ failed to properly assess two medical opinions from examining psychologist Dr. Michael Corpolongo. Dkt. 10, pp. 7-8. Dr. Corpolongo examined Plaintiff twice in 2010. AR 634-45, 649-63. However, in his decision dated October 18, 2011, ALJ Griggs evaluated both of Dr. Corpolongo's opinions. AR 121. Both Dr. Corpolongo's opinions relate to a period before Plaintiff's alleged onset date and were evaluated in a decision that was administratively final. Although applied less rigidly in administrative proceedings, principles of res judicata apply to administrative decisions, and an administratively final denial of an application for disability benefits operates as res judicata as to the finding of non-disability through the date of the prior decision. *See Vasquez v. Astrue*, 572 F.3d 586, 597 (9th Cir. 2009); *Chavez v. Bowen*, 844 F.2d 691, 693-94 (9th Cir. 1988) ("[A] prior ALJ's findings concerning the claimant's RFC, education and work experience are afforded some res judicata consideration and will not be disturbed in a subsequent disability claim, absent new and material evidence related to such finding."); *Gregory v. Bowen*, 844 F.2d 664, 666 (9th Cir. 1988). As such, the ALJ likely erred in evaluating the two opinions of Dr. Corpolongo again in the present decision.

moderate and moderate-to-marked limitations in performing work-related mental activities. AR 669, 678-680.

Dr. Wheeler performed a psychological/psychiatric evaluation of Plaintiff on July 5, 2013. AR 718-22. Dr. Wheeler's evaluation consisted of a clinical interview and a mental status examination. Dr. Wheeler assessed Plaintiff as having marked limitations in adapting behaviorally to changes in a routine work setting, communicating and performing effectively in a work setting, completing a normal work day and work week without interruptions from psychologically based symptoms, and maintaining appropriate behavior in a work setting. AR 720. Dr. Wheeler further assessed Plaintiff as having a range of other moderate limitations in performing work-related mental activities. AR 720.

Dr. Krueger conducted a psychological/psychiatric evaluation of Plaintiff on March 11, 2014. AR 723-34. Dr. Krueger's evaluation consisted of a clinical interview, a mental status examination, and psychological testing. Dr. Krueger assessed nearly identical limitations to those assessed by Dr. Wheeler, adding only that Plaintiff would have moderate rather than none/mild limitations in making simple work-related decisions. AR 725-26.

Dr. Ruddell conducted a psychological/psychiatric evaluation of Plaintiff on March 21, 2017. AR 754-758. Dr. Ruddell's evaluation consisted of a clinical interview, a mental status examination, and a psychological self-assessment. Dr. Ruddell assessed Plaintiff as having marked limitations in learning new tasks, adapting to changes in a routine work setting, completing a normal work day and work week without interruptions from psychologically based symptoms, and setting realistic goals and planning independently. AR 756. Dr. Ruddell also assessed Plaintiff as having a range of other moderate limitations in performing work-related

mental activities. AR 756. The ALJ assigned "limited weight" to all these opinions, reasoning that:

> [Dr.] Chalstrom's consultative opinions and the claimant's self-reported activities all reflect that the claimant's mental functioning is higher than opined. Further, both Dr. Wheeler and Dr. Krueger have imposed a time limit of 8 months or less in the expected duration of mental symptoms.

AR 33. These examining physicians have, unlike Dr. Chalstrom, assessed specific, and largely consistent, functional limitations related to Plaintiff's social limitations over a period of five years. In assessing the opinion evidence, the ALJ did not specifically indicate which of Plaintiff's activities of daily living were inconsistent with the marked social limitations assessed by Drs. Neims, Dr. Wheeler, Dr. Krueger, and Dr. Ruddell.

Further, the ALJ erred in relying on the durational limit assessed by Drs. Wheeler and Krueger in rejecting their opinions. All the examining psychologists in question assessed durational limits with respect to Plaintiff's mental limitations. In 2012, Dr. Neims opined that Plaintiff's limitations would last for between 9 and 12 months. AR 670. In 2013, Dr. Wheeler stated Plaintiff's mental limitations would last for between 8 and 10 months. AR 721. In 2014, Dr. Krueger stated Plaintiff's mental limitations would last for 7 months. AR 726. In 2017, Dr. Ruddell suggested that Plaintiff's limitations would last for 12 months. AR 756. Given that these examining psychologists consistently assessed Plaintiff as having a range of marked social limitations over a five-year period, the durational restrictions in their opinions are not useful in determining whether Plaintiff's mental limitations continued over an extended period.

As such, the ALJ has not provided specific, legitimate reasons supported by substantial evidence for rejecting the opinions of Dr. Neims, Dr. Wheeler, Dr. Krueger, and Dr. Ruddell.

D.  Dr. Eisenhauer

Plaintiff alleges that the ALJ erred in assessing the opinion of Dr. Eisenhauer. Dkt. 1, p. 11. Dr. Eisehauer performed a review of the medical evidence on May 28, 2015. AR 750. Dr. Eisenhauer evaluated Dr. Krueger's opinion and stated that his evaluation showed a deterioration of Plaintiff's mental impairment with most assessed limitations being in the marked range. AR 750. Dr. Eisenhauer found that the severity and functional limitations assessed by Dr. Krueger were supported by the available medical evidence. AR 750.

The ALJ assigned "little weight" to Dr. Eisenhauer's opinion, reasoning that it was based on a review of a single report from Dr. Krueger, that Dr. Eisenhauer did not examine Plaintiff directly, and noting that Dr. Kruger's underlying opinion had already been assigned limited weight. AR 33. Because the ALJ did not provide specific, legitimate reasons for rejecting Dr. Krueger's opinion, on remand the ALJ should reassess the weight given to Dr. Eisenhauer's opinion when re-evaluating the opinions of Dr. Krueger, Dr. Neims, Dr. Wheeler, and Dr. Ruddell.

E.  Ms. Larsen

Plaintiff argues that the ALJ erred in rejecting an August 2017 functional capacity assessment from physical therapist Dena Larsen. Dkt. 10, p. 12. The Court has directed the ALJ to reassess opinions from Drs. Neims, Dr. Wheeler, Dr. Krueger, and Dr. Ruddell. *See supra* Section I. Because Plaintiff will be able to present new evidence and testimony on remand, and because the ALJ's reconsideration of the other medical evidence may impact his assessment of Ms. Larsen's opinion, the ALJ shall reconsider Ms. Larsen's opinion on remand.

## II. Whether the ALJ properly evaluated lay witness testimony.

Plaintiff alleges that the ALJ failed to provide legally sufficient reasons for discounting lay witness testimony from Plaintiff's father. Dkt. 10, pp. 12-14. The Court has directed the ALJ to reassess opinions from Drs. Neims, Dr. Wheeler, Dr. Krueger, and Dr. Ruddell. *See supra* Section I. Because Plaintiff will be able to present new evidence and testimony on remand, and because the ALJ's reconsideration of the medical evidence may impact his assessment of the lay witness opinion, the ALJ shall reconsider the lay witness statement from Plaintiff's father on remand.

## III. Whether the ALJ's Step Five findings are supported by substantial evidence.

Plaintiff alleges that the ALJ erred at step five of the sequential evaluation, arguing that Plaintiff would be unable to perform two of the jobs cited by the vocational expert ("VE"). Dkt. 10, pp. 14-15. Defendant concedes this argument, but contends that despite this error, there are still a significant number of jobs Plaintiff could perform at step five. Dkt. 11, p. 7. The Court has directed the ALJ to reassess opinions from Drs. Neims, Dr. Wheeler, Dr. Krueger, Dr. Ruddell, and Dr. Eisenhauer, which may result in additional RFC limitations. In re-assessing the medical opinion evidence, Plaintiff's RFC and the types and number of jobs available at step five may change. As such, the ALJ shall perform a new Step Five analysis based on a re-evaluation of the opinion evidence.

## CONCLUSION

Based on the foregoing reasons, the Court hereby finds the ALJ improperly concluded Plaintiff was not disabled. Accordingly, Defendant's decision to deny benefits is reversed and

this matter is remanded for further administrative proceedings in accordance with the findings contained herein. The Clerk is directed to enter judgment for Plaintiff and close the case.

Dated this 15th day of July, 2019.

_David W. Christel_
David W. Christel
United States Magistrate Judge